UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

KATARIA BERRY                                                                                                    PLAINTIFFS

v.                                                                                    CIVIL ACTION NO. 3:21-CV-558-CRS

DEPARTMENT OF VETERANS AFFAIRS, et al.                                                              DEFENDANTS

## MEMORANDUM OPINION

This matter is before the Court on the motion of Defendant Department of Veterans Affairs ("the government")[1] to dismiss this action on the grounds that the claims are barred by the doctrine of *res judicata*, as well as other affirmative defenses. DN 4. Plaintiff Kataria Berry ("Plaintiff" or "Berry") filed a response, and the government replied. DN 7; DN 8. This matter is now ripe for adjudication. For the reasons stated below, the motion will be granted.

I.   **Legal Standard**

When faced with a motion to dismiss, "the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997) (citation and quotation marks omitted). "[A] court may take judicial

---

[1] The Court would like to address a point of confusion regarding the parties named as "defendants" in this case. In the complaint headings, Plaintiff lists "Department of Veterans Affairs"; "Hon. Denis Richard McDonough, Secretary of the Department of Veterans Affairs"; "Veterans Administration"; and "Louisville Veterans Administration Hospital" as the "Defendant" (singular) in this action. DN 1, PageID# 1. However, in the body of the complaint, Plaintiff states that her complaint is "against the Defendant, the Department of Veterans Affairs, Veterans Administration and the Louisville VA Medical Center (hereinafter 'VA' or 'Defendant')." *Id.*, PageID# 2. On the other hand, the government has identified the "Department of Veterans Affairs" as the party presently moving to dismiss. DN 4, PageID# 41. As all claims in this action are being dismissed, the Court need not resolve this issue. For clarity, the Court will use "the government" to refer to any and all possible parties identified as "defendants" in this case.

1

notice of other court proceedings without converting [a motion to dismiss] into one for summary judgment." *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010) (citing *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008)). "On a motion to dismiss, [the district court] may take judicial notice of another court's opinion not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity." *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008). The court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (citation omitted).

## II.     Exhaustion of EEOC Remedies

To sue a federal employer under Title VII, a federal employee must satisfy "the prerequisites to a federal action (1) by filing timely charges of employment discrimination with the EEOC, and (2) receiving and acting upon the EEOC's statutory notice of the right to sue" ("a right-to-sue letter"). *Puckett v. Tenn. Eastman Co.*, 889 F.2d 1481, 1486 (6th Cir. 1989) (citing 42 U.S.C. § 2000e-5(f)(1); *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792, 798 (1973)). If the EEOC does not issue a right-to-sue letter within one hundred eighty days after a complaint (or "charge") is filed with the EEOC, the plaintiff has the right to request the letter from the Attorney General. 42 U.S.C. § 2000e-5(f)(1); *Heyliger v. State Univ. & Cmty. Coll. Sys.*, 126 F.3d 849, 855 (6th Cir. 1997). Under Sixth Circuit jurisprudence, once a plaintiff is entitled to receive a right-to-sue letter, the onus is on the plaintiff to seek it. *Heyliger*, 126 F.3d at 856 ("Requiring a plaintiff . . . to seek a right-to-sue letter and to amend his complaint does not exceed the burden of a due diligence standard."). Upon the issuance of a right-to-sue letter, the plaintiff has ninety days to file a civil action. *Kyle-Eiland v. Neff,* 408 F. App'x 933, 939 (6th Cir. 2011). The same analysis also applies to the filing of an ADA claim in federal court, as "[t]he ADA incorporates the powers,

2

remedies, and procedures applicable to employment discrimination actions under Title VII." *Garrett v. Weyerhaeuser Co.*, No. 98-1424, 1999 U.S. App. LEXIS 23180, at *3 (6th Cir. Sep. 17, 1999).

### III. Factual and Procedural Background

Berry has been employed by the Department of Veterans Affairs as a health technician at the Louisville VA hospital since April 2015. DN 1, PageID # 2. Berry filed an EEOC charge in November 2019 ("EEOC Charge #1) for an incident that Berry alleges took place on October 2, 2019. EEOC Charge #1, Civil Action No. 3:20-cv-590, DN 11-3. She withdrew this charge the following month. Notice of Withdrawal, Civil Action No. 3:20-cv-590, DN 11-5. She then filed a second EEOC charge on March 5, 2020 ("EEOC Charge #2") for the alleged October 2, 2019 incident, plus three other incidents purported to have occurred on September 30, 2019; October 1, 2019; and October 30, 2019. EEOC Charge #2, Civil Action No. 3:20-cv-590, DN 11-7. On May 29, 2020, the EEOC dismissed this charge as untimely because Berry did not file it within forty-five days of the alleged incidents. EEOC Notice of Dismissal, Civil Action No. 3:20-cv-590, DN 11-8. A right-to-sue letter accompanied the dismissal of EEOC Charge #2. *Id.*, PageID# 114.

### A. Civil Action No. 3:20-cv-590 ("*Berry I*"):

Berry commenced Civil Action No. 3:20-cv-590 ("*Berry I*") on August 24, 2020 by filing a complaint ("the August 2020 complaint") in federal district court against the government. Complaint, Civil Action No. 3:20-cv-590, DN 1. In the complaint, Berry asserted claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the American with Disabilities Act ("ADA"), and the Family Medical Leave Act ("FMLA"). *Id.*, PageID# 2-14. The August 2020 complaint recited factual allegations of events purported to have taken place from the fall of 2018 through July 31, 2020, including all the incidents that Berry had previously claimed in EEOC

Charges #1 and #2. *Id.*, PageID# 7-9. Additionally, the complaint recited allegations that Berry had been falsely charged by a supervisor with being "AWOL" from work on five separate occasions in May 2020 ("the alleged May 2020 AWOL incidents"). *Id.*, PageID# 10-12, ¶¶ 63-68.

In January 2021, the government filed a motion to dismiss with prejudice all claims in the August 2020 complaint because Berry had failed to exhaust her administrative remedies with the EEOC. Mot. Dismiss, Civil Action No. 3:20-cv-590, DN 11; *See* Tendered Order, DN 11-9. On August 25, 2021, Judge David Hale granted the motion, with respect to the Title VII and ADA claims; the FMLA retaliation claim was allowed to stand because FMLA claims do not have an exhaustion requirement. Order, Civil Action No. 3:20-cv-590, DN 24, PageID# 177, 179, 180. On October 15, 2021, the parties filed a stipulation of dismissal, stating that "all claims asserted against the Defendant are DISMISSED WITH PREJUDICE." Civil Action No. 3:20-cv-590, DN 30, PageID# 192. The court dismissed the action with prejudice pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 41(a)(1)(A)(ii) on October 19, 2021. Civil Action No. 3:20-cv-590, DN 31, PageID# 194.

Early in the litigation of *Berry I*, Berry filed a third EEOC charge ("EEOC Charge #3"), claiming discrimination, retaliation, and hostile work environment for the alleged May 2020 AWOL incidents and three other purported incidents said to have taken place in August 2020. *See* DN 1-2, PageID# 23.[2] The EEOC rendered its final decision on June 11, 2021, dismissing all claims in EEOC Charge #3, and Berry was issued a right-to-sue letter for those claims at that time. *Id.*, PageID# 175-77.

**B. Civil Action 3:20-cv-558 ("*Berry II*"):**

---

[2] In the responsive briefing, Berry alleges that EEOC Charge #3 was filed in May 2020 but offers no proof. DN 7, PageID# 188, 191. A filing date of October 6, 2020 is cited in the Final Agency Decision letter that Berry has attached as an exhibit to her complaint. DN 1-2, PageID# 23.

4

Berry initiated the present action ("*Berry II*") on September 7, 2021, shortly after the Title VII and ADA claims in *Berry I* were dismissed, but prior to final judgment on the FMLA claims in that action. September 2021 Complaint, DN 1. The complaint filed in *Berry II* ("the September 2021 complaint") is nearly identical to the August 2020 complaint, the only distinction being that Berry added to the September 2021 complaint the fact that she had received a right-to-sue letter from the EEOC in June 2021. *Compare* DN 1 *with* August 2020 Complaint, Civil Action No. 3:20-cv-590, DN 1; *see* DN 1, PageID# 14, ¶ 77. The alleged incidents from August 2020 described in EEOC Charge #3 were not asserted in the August 2020 complaint and are not asserted in the September 2021 complaint. Thus, the only claims in the September 2021 complaint that were exhausted by EEOC Charge #3 and addressed by the June 2021 right-to-sue letter are those stemming from the alleged May 2020 AWOL incidents.

## IV.    Claim Preclusion

The government has raised *res judicata* as a defense to the instant action, maintaining that "[a]ll . . . causes of action in [the September 2021] complaint . . . were previously litigated and resolved" by Judge Hale's dismissal of *Berry I*. DN 4, PageID# 41. Under the doctrine of res judicata, or "claim preclusion,"[3] "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). For an earlier action to preclude litigation of claims in a later action, four elements must be present:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was

---

[3] For clarity, the United States Supreme Court has expressed its preference for the use of the term "claim preclusion," rather than the more traditionally utilized term "res judicata," which can sometimes be used to refer to claim preclusion—the prohibition on litigating a claim that was previously litigated, or should have been litigated, in a prior suit— and/or issue preclusion—the foreclosure of an issue previously litigated. *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75 77 n.1 (1984) 77.

> litigated or which should have been litigated in the prior action; and
> (4) an identity of the causes of action.

*Wilkins v. Jakeway*, 183 F.3d 528, 532 (6th Cir. 1999) (citing *Kane v. Magna Mixer Co*, 71 F.3d 555, 560 (6th Cir. 1995), cert. denied, 517 U.S. 1220 (1996).

There is no dispute that elements two and four have been met, as the parties to the two actions and the five causes of action asserted in the August 2020 and September 2021 complaints are identical. However, Berry argues that her "current pending claims" are not precluded because, when *Berry I* was pending before the court, she was "actively engaged" in pursuing EEOC Charge #3. DN 7, PageID# 193. According to Berry, because the claims asserted in the August 2020 complaint were dismissed for her failure to exhaust her administrative remedies, her claims were not and could not have been fully "litigated on the facts" at that time. DN 7, PageID# 194. She argues that she has since exhausted her remedies with the EEOC and, thus, has cured the defect in her first filing. *Id.* Additionally, Berry maintains that the claims in the instant action are not precluded because Judge Hale's dismissal of the claims in *Berry I* was not decided on the merits. *Id.* Consequently, Berry insists that she has "the affirmative right" to bring the instant action. *Id.*

The Court notes that Berry cites no authority for any of the arguments outlined above. In fact, throughout the briefing, Berry only cites Kentucky state court actions and one federal court action applying Kentucky law—caselaw that has no bearing on the instant case. DN 7, PageID# 194-96. Because the judgment in *Berry I* was rendered by a federal court, federal law determines the preclusive effect of that judgment. *J.Z.G. Res. v. Shelby Ins. Co.*, 84 F.3d 211, 213 (6th Cir. 1996); *see also*, Restatement (Second) of Judgments § 87 (1982) ("Federal law determines the effects under the rules of res judicata of a judgment of a federal court.").

A. **Adjudication of Claims in *Berry I***

6

1. **Judgment on the Merits**

The exhaustion of EEOC remedies "is a condition precedent to filing suit in the district court, rather than a jurisdictional prerequisite." *Mitchell v. Chapman*, 343 F.3d 811, 819-20 (6th Cir. 2003) (abrogated in part on other grounds by *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247 (2009)). This distinction "is of significant analytical import because a dismissal for lack of subject matter jurisdiction is not a dismissal on the merits," but dismissal for failure to comply with a condition precedent can be on the merits for the purposes of claim preclusion. *Id.* at 820 (citing *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 916 (6th Cir. 1986)).

In the context of EEOC remedies, when a plaintiff fails to exhaust and the statutory period for exhaustion has closed, the plaintiff's claim is "permanently foreclosed" from litigation, as there is no way for the plaintiff "to rewind the clock, fulfill the condition/file the action within the requisite time period, and proceed to an adjudication." *Id.* at 820-21. In such a case, the dismissal of the plaintiff's claims is on the merits. *Id.* On the other hand, if the plaintiff fails to exhaust her EEOC remedies prior to initiating litigation, but it would still be possible for her "to return to the administrative process, fulfill the condition, and re-file the civil action," the dismissal of the plaintiff's claims is not on the merits. *Id.*

*Effect of August 2021 Judgment*

The August 2020 complaint included two types of Title VII and ADA claims: those that arose from allegations that had already been the subject of an EEOC Charge ("Type I") and those that arose from allegations that had not been the subject of an EEOC Charge ("Type II"). Both types of Title VII and ADA claims were dismissed in *Berry I* for Berry's failure to exhaust her administrative remedies. Order, Civil Action No. 3:20-cv-590, DN 24, PageID# 177 n.5, 179. At the time of the August 2021 dismissal, it would have been impossible for Berry to exhaust her

administrative remedies on any of these claims, Type I or Type II, as the statutory window for exhaustion had closed and the court found that Berry was not entitled to equitable tolling. *Id.*, PageID# 176-77. As such, the Type I and Type II claims were dismissed on the merits by the court in *Berry I*.

Though the alleged May 2020 AWOL incidents were recited in the August 2020 complaint and had, in fact, been the subject of the right-to-sue letter that Berry received in June 2021, there is no record that the court was informed of this development.[4] Thus, any Title VII and ADA claims arising from the alleged May 2020 AWOL incidents appear to have been dismissed on the merits by the August 2021 judgment as Type II claims. In any event, as discussed below, the court's judgment ordering dismissal pursuant to a stipulation agreement between the parties in October 2021 certainly bars the re-litigation of these claims.

*Effect of October 2021 Judgment*

The October 2021 court order dismissed all claims asserted against the government with prejudice. Stipulation Agreement and Order, Civil Action No. 3:20-cv-590, DNs 30 and 31. Thus, the FMLA claims, and any other claims that were allowed to stand in August 2021, were dismissed with prejudice in October 2021. Consequently, if the Title VII and ADA claims arising from the alleged May 2020 AWOL incidents were not dismissed in August 2021, the claims were disposed of in October 2021. A dismissal with prejudice "is considered a final judgment on the merits for purposes of res judicata." *Haddad v. Mich. Nat'l Corp.*, 34 F. App'x 217, 218 (6th Cir. 2002) (citation omitted)).[5]

---

[4] To reiterate, the other allegations in EEOC Charge #3 and addressed by the June 2021 right-to-sue letter—*i.e.*, those related to incidents purported to have taken place in August 2020—were not recited in either the August 2020 complaint or in the September 2021 complaint.

[5] *See also*, *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 327 (1955) (stating that a "judgment dismissing the previous suit 'with prejudice' bars a later suit on the same cause of action."); *Cellar Door Prods., Inc. v. Kay*, 897 F.2d 1375, 1378 (6th Cir. 1990) (upholding lower court's dismissal of claims arising prior to the parties' stipulated dismissal with prejudice, while reversing with respect to causes of action that arose after the voluntary dismissal);

Moreover, in *Berry I*, Berry was seeking to recover under the legal theory that the government had violated anti-retaliation provisions of the FMLA, in part, "by issuing her written discipline finding her AWOL," which, presumably included the alleged May 2020 AWOL incidents. Complaint, Civil Action No. 3:20-cv-590, DN 1, PageID# 18, ¶ 104. As discussed above, there is no dispute that all FMLA claims against the government were dismissed with prejudice by the October 2021 order. Once a court of competent jurisdiction renders a final decision on the merits of a claim under one legal theory, the plaintiff is foreclosed from litigating that claim under any legal theory. *Id.*; *Olmstead v. Amoco Oil Co.*, 725 F.2d 627, 632 (11th Cir. 1984) ("The bar [of *res judicata*] extends not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same 'operative nucleus of fact.'" (quoting *Lovely v. Laliberte*, 498 F.2d 1261 (1st Cir.), cert. denied, 419 U.S. 1038 (1974))).[6] It follows, then, that Berry is barred from recovering under any legal theory for the alleged AWOL incidents of May 2020 because the FMLA claims arising from this "operative nucleus of fact" were dismissed on the merits in *Berry I*.

### 2. Opportunity to Litigate in *Berry I*

Despite reasserting in the September 2021 complaint each and every claim from the August 2020 complaint, Berry maintains that her claims are not precluded because in *Berry I* she was

---

*Johnson v. UAW*, No. 83-1573, 1984 U.S. App. LEXIS 13490, at *4-*5 (6th Cir. Dec. 7, 1984) (holding that a stipulation to dismiss with prejudice in a first lawsuit was an adjudication on the merits and res judicata barred the continuance of a second lawsuit based on the same alleged transactions and injuries); *Arias v. Napolitano*, No. 2:13-cv-248, 2014 U.S. Dist. LEXIS 94570, at *7 (S.D. Ohio July 2, 2014) ("A stipulated dismissal with prejudice 'indisputably' represents 'an adjudication on the merits.'" (quoting Johnson, 1984 U.S. App. LEXIS 13490, at *5)).

[6] *See also Wilkerson v. Eaton Corp.*, No. 91-3493, 1992 U.S. App. LEXIS 4360, at *5 (6th Cir. Mar. 11, 1992) ("This Circuit has held repeatedly that once a final judgment is rendered, a litigant cannot seek relief in a successive action for the same injury, even where different legal theories are advanced.") (citations omitted); *Pletten v. Merit Sys. Prot. Bd.*, Nos. 88-1467, 89-1086, 1990 U.S. App. LEXIS 11900, at *11 (6th Cir. July 13, 1990) ("Res judicata acts as a bar to all claims which seek recovery for the same injury, regardless of the legal theory.") (citations omitted); *Harrington v. Vandalia-Butler Bd. of Educ.*, 649 F.2d 434, 437 (6th Cir. 1981) ("When two successive suits seek recovery for the same injury, a judgment on the merits operates as a bar to the later suit, even though a different legal theory of recovery is advanced in the second suit." (citation and internal quotation marks omitted)).

deprived of the opportunity to litigate her claims "on the facts." DN 7, PageID# 194. Yet, Berry did not exhaust her administrative remedies with the EEOC before initiating civil action and, thus, was never entitled to litigate her claims before the court. That Berry received a right-to-sue letter for EEOC Charge #3 in June 2021 only strengthens the argument of preclusion, as she could and should have litigated the claims impacted by that letter as part of *Berry I*.[7] *Wilkins*, 183 F.3d at 532 (indicating that when assessing whether a claim is precluded, the court must only consider whether the claim "*should have been* advanced in an earlier suit") (citation and quotation marks omitted).

The Sixth Circuit considers the initiation of civil litigation on claims that are not yet exhausted through the EEOC remedies to constitute a "curable" defect in the filing. *See Rivers v. Barberton Bd. of Educ.*, 143 F.3d 1029, 1032 (6th Cir. 1998) (citing *Jones v. American State Bank*, 857 F.2d 494, 499 (8th Cir. 1988)). In *Rivers*, the plaintiff did not pursue a right-to-sue letter for her claim when she was entitled to it one hundred and eighty days after filing her EEOC charge and, thus, she did not properly exhaust her remedies before or during her first action in federal court. *Id.* at 1030. After final judgment was rendered in her first action, the plaintiff sought and acquired a right-to-sue letter and filed a second action asserting the Title VII claim. *Id.* The Sixth Circuit held that the "Title VII claim could, and should, have been litigated in" the first action because the plaintiff "had the opportunity and burden of perfecting her Title VII claim before or during the pendency of" the first action. *Id.* at 1033. Ultimately, the Sixth Circuit affirmed the district court's holding in the second action, finding that the Title VII claim was precluded due to the plaintiff's failure to "maintain[] the viability" of the claim in the first action. *Id.*

---

[7] Berry seems to imply that the June 2021 right-to-sue letter "remedied" her failure to exhaust and that she should now be allowed to bring all of her claims before this Court. *See* DN 7, PageID# 194. This is wrong. The June 2021 letter only gave Berry the right-to-sue for the claims that were the subject of EEOC Charge #3 and has absolutely no effect on the claims asserted in previous EEOC charges.

Likewise, there is no reason why the claims asserted in EEOC Charge #3 could not have been litigated in *Berry I*. Berry was aware of all the facts giving rise to the claims alleged in EEOC Charge #3 by the end of August 2020.[8] She does not dispute that she was required to exhaust her remedies with the EEOC before filing a civil suit or that she knew the procedure for doing so. *See, e.g.*, Opp. Resp., Civil Action No. 3:20-cv-590, DN 22, PageID# 145, 151. Berry would have been entitled to a right-to-sue letter for EEOC Charge #3 one hundred eighty days after her October 6, 2020 filing date, or early April 2021. 29 C.F.R. § 1601.28(a)(1), (d)(2); *Kyle-Eiland v. Neff*, 408 F. App'x 933, 939 (6th Cir. 2011). Moreover, she actually received the letter in June 2021—two months before the August 2021 judgment was rendered. Nonetheless, Berry did not seek to amend her complaint to add claims related to the alleged incidents from August 2020 and she took no steps to maintain the viability of the claims arising from the alleged May 2020 AWOL incidents. In sum, Berry squandered her opportunity to litigate any claims against the government that may have arisen from the incidents alleged in EEOC Charge #3.

**B. Conclusion**

To allow Berry to proceed with the instant federal action would undermine the doctrine of preclusion, which exists "to prevent endless litigation, vexation, and confusion for the litigants and ineffective use of judicial resources." *City Commc'ns, Inc. v. Detroit*, 888 F.2d 1081, 1089 (6th Cir. 1989) (citing *Rogers v. Colonial Federal Sav. & Loan Ass'n*, 405 Mich. 607, 615 (1979)). The Court must dismiss all claims against the government on the basis of claim preclusion.

The government makes several alternative arguments for dismissal. Regarding the arguments that this court lacks subject matter jurisdiction over the FMLA claims[9] and Berry's

---

[8] The latest date of alleged incident reported in EEOC Charge #3 is "on or about" August 20, 2020.
[9] DN 4, PageID# 43.

11

failure to state a claim upon which relief can be granted,[10] the Court finds the government's arguments underdeveloped, unpersuasive, and unsupported by the authority cited. The arguments of improperly named certain defendants and ineffective service of process seem to have some merit with respect to the Title VII claims and could, thus, be a second grounds for the dismissal of those claims.

For the reasons cited above, the government's motion to dismiss will be granted in a separate order.

May 17, 2022

Charles R. Simpson III, Senior Judge
United States District Court

---

[10] *Id.*, PageID# 44.